Argued and submitted September 20, affirmed on appeal; on cross-appeal, remanded for entry of judgment reflecting convictions for one count of first-degree unlawful sexual penetration and one count of third-degree sexual abuse December 1, 2010, respondent-cross-appellant's petition for reconsideration filed February 3, allowed by opinion March 23, 2011 See 241 Or App 644, _____ P3d _____ (2011)

## STATE OF OREGON,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

## BRYAN LEVI BANKSTON,
*Defendant-Appellant*
*Cross-Respondent.*

Benton County Circuit Court
CM0820289; A140423

243 P3d 1217

John J. Tyner III argued the cause and filed the brief for appellant cross-respondent.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent cross-appellant. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from his convictions for first-degree unlawful sexual penetration, ORS 163.411,[1] third-degree sexual abuse, ORS 163.415,[2] and other offenses. Defendant was convicted following a jury trial, and the trial court merged defendant's convictions for first-degree unlawful sexual penetration and third-degree sexual abuse. Defendant assigns error to the trial court's denial of his motion for a mistrial. Defendant moved for a mistrial after a witness gave testimony, which, defendant argued, was inadmissible hearsay. The trial court denied defendant's motion and instead struck the witness's testimony from the record and instructed the jury to disregard it. Defendant argues that that ruling was an abuse of discretion. A discussion of defendant's assignment of error would not benefit the bench, bar, or public. It suffices to say that the trial court did not abuse its discretion when it chose to strike the witness's testimony and instruct the jury to disregard it, rather than grant defendant's motion for a mistrial.

The state has cross-appealed, assigning error to the trial court's decision to merge defendant's convictions for first-degree unlawful sexual penetration and third-degree sexual abuse. Defendant concedes that the trial court erred in merging his convictions; we conclude that that concession is well founded, and we accept it.

---

[1] ORS 163.411 provides, in part:

"(1) Except as permitted under ORS 163.412, a person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and:

"(a) The victim is subjected to forcible compulsion[.]"

[2] ORS 163.415 provides, in part:

"(1) A person commits the crime of sexual abuse in the third degree if:

"(a) The person subjects another person to sexual contact and:

"(A) The victim does not consent to the sexual contact; or

"* * * * *

"(b) For the purpose of arousing or gratifying the sexual desire of the person or another person, the person intentionally propels any dangerous substance at a victim without the consent of the victim."

Affirmed on appeal. On cross-appeal, remanded for entry of judgment reflecting convictions for one count of first-degree unlawful sexual penetration and one count of third-degree sexual abuse.